PEREIDA, PETITIONER, v. FOOTE, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Mayagüez in an Action of. Intervention in Ownership of Real Property.

No. 188.—Decided July 28, 1917.

CERTIORARI.—INTERVENTION—APPEAL—NOTICE—ADVERSE PARTY.—In an appeal from a judgment on the merits against the intervenor in an action of intervention against the debtor and creditor, the creditor having previously obtained a judgment against the debtor and the property being about to be sold under execution, the debtor is entitled to notice of the appeal although his default was entered, for he not only has an interest squarely opposed to that of the intervenor but also a direct and tangible interest in the result of the appeal by which he will either ·profit or lose.

The facts are stated in the opinion.

*Mr. Pascasio Fajardo Martínez* for the petitioner.

The respondent did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Francisco Bianchi Rosafá, hereinafter referred to as creditor, obtained a judgment by default in the Municipal Court of Añasco for $320 against Francisco Luis Deschoudens, hereinafter designated as debtor.

Petitioner Eustaquio Pereida intervened claiming as owner certain real estate attached in the original suit and about to be sold under execution, making both creditor and debtor defendants, and, the debtor having failed to answer, his default was noted by the clerk.

Intervenor appealed from a judgment against him on the merits and the appeal was dismissed by the district court at the instance of the debtor, who had not been notified of the appeal.

The foregoing facts suffice to distinguish the instant case from *López* v. *Foote* and *Ninlliat* v. *Suriñach, ante,* pp. 513, 509. Not only was there no judgment by default against the debtor, but the judgment on the merits in favor of the creditor and against the intervenor inured to the advantage of the debtor in so far as he might benefit thereby. Ad-

judged in effect to be the owner of the real estate about to be sold on execution and assuming that he is unable to save the land itself from sacrifice, he is interested in any surplus over and above the amount of his indebtedness that may fall out to him from the proceeds of the execution sale. Should intervenor on a trial *de novo* in the district court succeed in reversing the judgment of the municipal court, then, unquestionably, the debtor would lose the land of which he had been decreed to be the owner. And it is no answer to this to say that unless he pays his debt he will lose it anyway; for if he is deprived of it in this way at least his debt is discharged and, as already intimated, he is entitled *prima facie,* in any event, to any surplus out of the proceeds of the execution sale. His interest, therefore, is not only squarely opposed to that of intervenor, but is also a direct, tangible interest in the result of the appeal by which he will either profit or lose, and it follows that as an adverse party he was entitled to notice of the appeal.

The writ must be annulled.

*Petition denied.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.